IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT WAYNE MYERS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-1799-L |
| | § | |
| SHERIFF LUPE VALDEZ, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Plaintiff Robert Wayne Myers, an inmate in the Dallas County Jail, against Sheriff Lupe Valdez, various UTMB officers, a jail medical technician, and an unnamed jail doctor. On September 8, 2005, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. A *Spears*[1] questionnaire then was sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the questionnaire on November 14, 2005. The court now determines that this action should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

II.

Plaintiff alleges that he has been denied adequate medical care and prescription medication while incarcerated in the Dallas County Jail. More particularly, plaintiff complains that he has not received any treatment for injuries to his wrist, neck, and knee and an abdominal hernia sustained during his arrest. Plaintiff further contends that he has been denied medical treatment and medication for eczema and a pre-existing staph infection. By this suit, plaintiff seeks $2.5 million in damages and "lifetime medical care."

III.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

> (1)   is frivolous or malicious;
>
> (2)   fails to state a claim upon which relief can be granted; or
>
> (3)   seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

A.

The court initially observes that plaintiff has failed to state a claim for relief against: (1) Dallas County Sheriff Lupe Valdez; (2) Dr. John Stobo, President of UTMB; and (3) Dr. Ben Raimer, Vice President of Correctional Health Care Services for UTMB. As supervisors, these defendants are liable only if: (1) they affirmatively participated in acts that caused a constitutional deprivation; or (2) implemented unconstitutional policies that resulted in injury to plaintiff. *Mouille v. City of Live Oak, Texas*, 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied*, 113 S.Ct. 2443 (1993). It is clear from plaintiff's interrogatory answers that none of these defendants were personally involved in any of the alleged constitutional deprivations made the basis of this suit. Instead, plaintiff states only that Valdez is ultimately "in charge" of operations at the jail. (*See Spears* Quest. #3). Nor has plaintiff alleged any facts to establish the personal involvement of Stobo and Raimer. (*See Spears* Quest. #4 & 5).[2] Nowhere does plaintiff identify any specific policies that violate his constitutional rights or allege any facts linking these non-existent policies to any of the defendants. Consequently, plaintiff has failed to state a claim for relief against Valdez, Stobo, and Raimer in their individual capacities. *See Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 736, 109 S.Ct. 2702, 2723, 105 L.Ed.2d 598 (1989); *Morgan v. Dallas Co. Sheriff's Dep't.*, No. 3-04-CV-2172-D, 2005 WL 57282 at *2 (N.D. Tex. Jan. 11, 2005) (Kaplan, J.), *rec. adopted*, 2005 WL 2075796 (N.D. Tex. Aug. 26, 2005).[3]

B.

Plaintiff contends that he was denied adequate medical care for injuries to his wrist, neck,

---

[2] When asked for the specific facts upon which he based his claim against Stobo and Raimer, plaintiff stated, "I request an attorney." (*Spears* Quest. #4 & 5).

[3] Plaintiff also fails to state a claim for relief against the unnamed jail doctor referenced in his complaint. *See Vollmer v. Bowles*, No. 3-96-CV-0081-D, 1997 WL 102476 at *2 (N.D. Tex. Feb. 28, 1997) (citing cases) (federal rules make no provision for joining fictitious defendants in action under federal statute).

and knee, an abdominal hernia, eczema, and a staph infection.  In order to prevail on this claim, plaintiff must show that jail officials acted with deliberate indifference to his medical needs such as to cause the "unnecessary or wanton infliction of pain."  *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976); *see also Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997).  This, in turn, requires proof that the jail medical staff was subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk.  *Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996), *citing Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970, 1984, 128 L.Ed.2d 811 (1994).

Even if plaintiff could show that Valdez or her subordinates were deliberately indifferent to his medical needs, this claim still fails because plaintiff suffered no physical harm.  The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  The injury required by this statute "must be more than *de minimus* [sic], but need not be significant."  *Alexander v. Tippah County, Mississippi*, 351 F.3d 626, 630-31 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 2071 (2004).  In his interrogatory answers, plaintiff states that he suffers from "pain, numbness in extremities, loss of mobility, lack of sleep, extreme tension in neck and back, extreme rash [and] discomfort." (*See Spears* Quest. #2).  This is insufficient to establish "physical injury" under the PLRA.  *See, e.g. Alexander*, 351 F.3d at 630-31 (nausea and vomiting caused by raw sewage on floor of jail cell was *de minimis*); *Bargalla v. Valdez*, No. 3-05-CV-0593-M, 2005 WL 1163304 at *2 (N.D. Tex. May 13, 2005) (allegation that plaintiff suffered "unnecessary pain and suffering" insufficient to establish physical injury); *Morgan*, 2005 WL 57282 at *2 (same as to allegation of "undue pain . . . on a regular basis").

**RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 17, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE