ORIGINAL
Case 3:05-cv-01799-L Document 9 Filed 11/30/05 Page 1 of 3 PageID 39

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV 3 0 2005

CLERK, U.S. DISTRICT COURT
By _____ Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT WAYNE MYERS, | § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. 3:05-CV-1799-L |
| SHERIFF LUPE VALDEZ, et al., | § § | |
| Defendants. | § § | |

## ORDER

This is a pro se civil rights case brought by Plaintiff Robert Wayne Myers ("Plaintiff" or "Myers"), an inmate in the Dallas County Jail. Plaintiff alleges that on or about August 16, 2005, Defendants Sheriff Lupe Valdez ("Valdez") and other jail medical staff failed to provide him medical care in violation of his civil rights. Specifically, Plaintiff contends that he has not received medical attention for injuries to his abdomen, wrist, neck and knee sustained during his arrest. Plaintiff also maintains that he has not received medical treatment for eczema and staph infection.

Pursuant to 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this action was referred to the United States Magistrate Judge for proposed findings and recommendation. On November 12, 2005, the Findings and Recommendation of the United States Magistrate Judge ("Report") were filed. In response, Plaintiff filed Written Objection and Recommendation in Reference to Recommendation to Dismiss ("Objection") on November 28, 2005.

The magistrate judge determined that Plaintiff failed to state a claim for relief against Defendants, as he failed to contend that any of the Defendants affirmatively or personally

Order - Page 1

participated in acts that caused the alleged constitutional deprivations; or implemented unconstitutional policies that resulted in injury to Plaintiff. The magistrate judge also determined that Plaintiff failed to establish a physical injury under the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(e). The "physical injury" required by § 1997e(e) must be more than *de minimis*, but need not be significant. *Alexander v. Tippah County, Mississippi*, 351 F.3d 626, 631 (5th Cir. 2003). The magistrate judge determined that Plaintiff's claims of pain, numbness in extremities, loss of mobility, lack of sleep, extreme tension in neck and back, extreme rash and discomfort, as outlined in Plaintiff's response to the Magistrate Judge's Questionnaire, were insufficient to establish a physical injury under the PLRA. The magistrate judge recommends, therefore, that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2), as it fails to state a claim upon which relief can be granted.

In his Objection, Plaintiff contends that he has suffered a physical injury, and that jail staff continue to deny him medical attention and medication. Plaintiff specifically maintains that he has a hernia, eczema, tuberculosis and staph infection. Plaintiff states that he was examined by a jail nurse, but she ignored his medical condition. Plaintiff also requests a 90-day extension to identify specific medical personnel and potential witnesses, and to provide the court additional information.\*

Having reviewed the pleadings, file and record in this case, the findings of the magistrate judge, and having considered Plaintiff's objection thereto, the court determines that the findings of the magistrate judge are correct. They are therefore accepted as those of the court. Plaintiff's

---

\*The court will deny this request as Plaintiff does not state what additional information he hopes to provide and how it will help establish his claims. Moreover, in response to the Magistrate Judge's Questionnaire to the Plaintiff, rather than answer, or attempt to answer, Question Numbers 3-6, he merely requested an attorney.

Objection is **overruled,** and his request for an extension is **denied**. Accordingly, Plaintiff's complaint is frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and is **dismissed without prejudice,** as Plaintiff has failed to state a claim upon which relief can be granted.

**It is so ordered** this 30th day of November, 2005.

Sam A. Lindsay
United States District Judge

**Order - Page 3**